UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-mc-20589-BLOOM

IN RE REPUBLIC OF ARGENTINA,

    Petitioner.

_____/

**ORDER ON MOTION TO REOPEN CASE AND RECONSIDER APPLICATION**

**THIS CAUSE** is before the Court upon Petitioner Maria Ines Barra's ("Petitioner") Motion to Reopen Case and Reconsider Application, ECF No. [9] ("Motion"). On February 7, 2020, Petitioner filed her *ex parte* Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Tribunal, ECF No. [1] ("Application"). Upon review, the Court denied the Application because Petitioner failed to make a sufficient showing with respect to the relevant statutory and discretionary factors. *See* ECF No. [8] ("Order"). In the Motion, Petitioner explains that she was unable to attach the supporting documentation to her Application, and requests that the Court reopen this case and reconsider the Application in conjunction with the materials she has filed in support.

Section 1782 authorizes, but does not require, federal courts to assist applicants in gathering evidence for use in foreign tribunals. *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198 (11th Cir. 2016). Whether to grant relief under the statute is up to the court's discretion. *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014). A district court may not grant an application under § 1782 unless four statutory requirements are met:

    (1) the request must be made "by a foreign or international tribunal" or by "any interested person;"
    (2) the request must seek evidence, be it the testimony or statement of a person or

>   the production of a document or other thing;
>   (3) the evidence must be "for use in a proceeding in a foreign or international tribunal;" and, finally,
>   (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

28 U.S.C. § 1782(a); *see also In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007).

Here, Petitioner has made a sufficient showing to satisfy the four statutory factors. First, she is an interested person, as she is a party to the divorce proceeding in Argentina. Second, the Application seeks the production of documents from JP Morgan Chase Bank, N.A. Third, the documents requested are for use in the divorce proceeding currently pending in Argentina, and specifically, in order to identify and value marital assets, worldwide income and assets, and assets owned jointly and individually for purposes of the division of assets in the divorce. Fourth, JP Morgan Chase Bank, N.A. may be found in the Southern District of Florida, as the bank account or accounts in question were opened in Miami, Florida.

In addition to considering whether the statutory requirements of § 1782 are met, the Court must also apply the four discretionary factors established by the Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). The *Intel* factors include:

>   1)   whether the respondents are parties in a foreign proceeding;
>   2)   the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign tribunal to assistance from a U.S. federal court,
>   3)   whether the discovery application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and
>   4)   whether the request is intrusive or burdensome.

*Id.* at 264-65.

Here, Petitioner has also made a sufficient showing to satisfy the *Intel* factors. As to the first *Intel* factor, "whether the respondents are parties in a foreign proceeding," the Supreme Court has held that the need for § 1782 aid is "generally not as apparent" when the subpoena targets

parties to the foreign proceeding." *Id.* at 264. "[Section] 1782 discovery is more likely to be justified when the person from whom the discovery is sought is not a participant in the prospective foreign proceeding because nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *In re Application of Bracha Found.*, 663 F. App'x 755, 764-65 (11th Cir. 2016). JP Morgan Chase Bank, N.A. is not a party to the foreign proceeding, and therefore, the Court finds that the first factor weighs in favor of Petitioner.

As to the second *Intel* factor relating to the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," Petitioner contends that the proceedings in Argentina are adversarial, the courts where the proceedings were initiated are first-instance decision makers, and the evidence is necessary in order to establish the basis for calculation of Petitioner's statutory share of alimony or maintenance payable by her spouse, as well as to identify, catalogue, and divide marital assets. In addition, there is no indication that the courts in Argentina would be unreceptive to evidence obtained in the United States or information derived from it. As such, the Court finds that the second factor weighs in favor of Petitioner.

As to the third *Intel* factor, "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," the Court finds that this factor also weighs in favor of Petitioner. The Petitioner represents that there is no rule in Argentina that would deny her access to such information, and the purpose of the Application is not to circumvent any law, rule, or ruling by any Argentinian court. Rather, Petitioner seeks the information to protect her financial and family law interests, which are directly implicated in the divorce proceedings in Argentina.

Case No. 20-mc-20589-BLOOM

Finally, as to the last *Intel* factor, whether the request is otherwise "unduly intrusive or burdensome," the Court also finds that this factor weighs in Petitioner's favor. Petitioner seeks documents related to the accounts of Southern Patagonia Service, Inc., a company affiliated with Safaris Especiales, S.R.L. ("Safaris") (of which Petitioner is a 50% owner), and which was organized to provide Safaris with a United States presence and a way to receive payments in connection with Safaris' business.

Thus, having reviewed the Application, its supporting memorandum of law, and all exhibits submitted by Petitioner, the Court finds that the requested discovery is authorized pursuant to 28 U.S.C. § 1782. It is, therefore, **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [9]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Order, **ECF No. [8]**, is **VACATED**, and the Application, **ECF No. [1]**, is **GRANTED**. Counsel for Petitioner, as an officer of the Court, is authorized to issue and serve a subpoena seeking the documents set forth in ECF No. [9-1] at 14, upon JP Morgan Chase Bank, N.A.

3. Motions to quash the subpoenas, if any, may be addressed pursuant to the procedures set forth in Federal Rule of Civil Procedure 45.

4. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record